UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERMANEY JOHNSON, | ) | |
| | ) | Case No. 1:15CV1811 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Mchargh) |
| ZAKI HAZOU, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |

McHARGH, Mag.J.

The plaintiff Germaney Johnson filed a Section 1983 suit pro se in this court, against defendants Officer Zaki Hazou, Officer Ronald Kubacki, and Sgt. Dave Tomcho, all of the Strongsville Police Department. The complaint contains several claims: (1) excessive force; (2) deprivation of free speech and expression; (3) conspiracy and retaliation for the exercise of constitutional rights; (4) fraud; (5) breach of oath; (6) kidnapping; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and, (9) negligence. (Doc. 1.)

The suit arises out of Johnson's arrest and detention following a dispute between Johnson and police officers who asked him to provide identification and

automobile registration when they approached his car, which appeared disabled and parked on the side of the road. Johnson alleges that he explained to the police officers he had simply run out of gas, and was just waiting in the car for his wife to return with gasoline from a nearby gas station. He declined to provide his identification or registration. (Doc. 1, at 6.)

Currently before the court is Johnson's motion to compel, and for sanctions. (Doc. 24.) The court held a Case Management Conference in this case on December 2, 2015. The Case Management Order which followed provided that "Discovery Disputes shall be governed by the dictates of LR 37.1." (Doc. 13, at 3.)

Local Rule 37.1 provides that parties shall first make sincere, good faith efforts between themselves to resolve the dispute before turning to the court. If the parties' own efforts to resolve the dispute are unsuccessful, the next step is to involve the judicial officer through a telephone conference. If the judicial officer is still unable to resolve the dispute at the telephone conference, at that point the parties may file discovery motions. Local Rule 37.1.

LR 37.1 is intended to streamline the resolution of discovery disputes by involving the judge, and avoiding, in most instances, the filing of motions to compel and similar motions. Although Johnson has certified, in accordance with LR 37.1, that he attempted to confer with the defendants to resolve the dispute (doc. 24, at 4), the parties did not take the next step and schedule a telephone conference with the court. Instead, Johnson filed this motion to compel. (Doc. 24.)

The motion seeks to compel the defendants to answer plaintiff's interrogatories, and to sanction the defendants for failing to do so. (Doc. 24, at 1.)

The defendants respond that they sent responses to plaintiff's interrogatories by regular mail and by email, on June 2, 2016. After Johnson's June 29 deposition, defendants state that Johnson informed defendants' counsel that he had not received the verification pages for the interrogatories. Counsel states that he informed Johnson that he would provide the verification pages. Counsel for defendants then asserts: "Before I could provide the verification pages, Johnson filed the Motion to Compel [on June 30, 2016, doc. 24] without any additional conversation or informing the court under Loc. R. 37.1." (Doc. 25, at 1.)

Defendants' first response is that the court should deny the motion to compel for failure to comply with Local Rule 37.1. (Doc. 25, at 2.) The court would entertain such a course were Johnson represented by counsel. However, Johnson is proceeding pro se, and the court will not dismiss his current motion on that basis. However, Johnson is cautioned that a pro se litigant is expected to follow the rules of court. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The proper procedure (LR 37.1) to address future discovery disputes is set out above.

As to the current motion to compel, counsel for defendant notes that responses to plaintiff's interrogatories were admittedly received by Johnson. Defendants assert that Johnson's motion has not identified any specific objection to the responses, other than the lack of an affidavit. (Doc. 25, at 3.)

Johnson's motion states that defendants' counsel answered the interrogatories, "and did not submit an affidavit of oath confirming the answers"

were made by the defendants themselves. (Doc. 24, at 2.) Johnson also contends that defendants have not properly answered the interrogatories, and that their answers "provided no relevant information." Id. This second contention is vague, and provides the court with no basis to rule on the substance of the responses.

Courts have found that "there is no requirement in the Federal Rules of Civil Procedure that the answers to interrogatories must actually be composed by the party signing them." Huthnance v. District of Columbia, 255 F.R.D. 297, 300 (D. D.C. 2008). By signing the interrogatories, the signer simply attests to the veracity of the statements. Id. However, answers to interrogatories are deficient where the party does not answer under oath. Buffalo Carpenters Pension Fund v. CKG Ceiling & Partition Co., 192 F.R.D. 95, 98 (W.D.N.Y. 2000) (citing Rule 33(b)). Failure to answer under oath can be cured by serving a set of responses which complies with Rule 33. Id.

The defendants have since notified the court that they served plaintiff with amended responses, with signed verification pages, on July 22, 2016. (Doc. 26.) Johnson has not disputed that assertion.

The motion to compel (doc. 24) is DENIED, as moot.

IT IS SO ORDERED.

Aug. 8, 2016                               /s/ Kenneth S. McHargh
                                            Kenneth S. McHargh
                                            United States Magistrate Judge